UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARK A. TYSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:22-cv-00121-JPH-MJD |
| | ) |
| C. COAKLEY, | ) |
| R VANFLEET, | ) |
| T. WELLINGTON, | ) |
| T. TEMPLETON, | ) |
| A. WALLACE, | ) |
| F. VANIHEL, | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing Complaint and Providing Opportunity to Show Cause**

Plaintiff Mark Tyson is a prisoner currently incarcerated at Indiana State Prison. He filed this civil action alleging that defendants interfered with his access to the courts. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Tyson names six defendants in his complaint: (1) C. Coakley; (2) R. Van Fleet; (3) T. Wellington; (4) T. Templeton; (5) A. Wallace; (6) F. Vanihel. The complaint alleges that the defendants wrongfully confiscated his legal mail, causing him to lose his "*Tyson v. Bedwell*" civil action.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Mr. Tyson alleges that the defendants violated his First Amendment right to access to the courts by confiscating his mail.

To state a First Amendment access-to-the-courts claim, Mr. Tyson must allege "that he suffered actual injury—*i.e.*, that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong.

... [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). In other words, "the mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Here**,** any claim based on Mr. Tyson's right to access to the courts must be **dismissed** because Mr. Tyson has not alleged that he has suffered any actual injury in any pending litigation. Although Mr. Tyson alleges that the defendants' confiscation of his legal mail prejudiced him in a civil case that he identifies as "*Tyson v. Bedwell*," a review of the Court's dockets shows that Mr. Tyson's lawsuit, *Tyson v. Bedwell*, Case No. 2:20-cv-483-JPH-MJD (S.D. Ind. 2021) (hereinafter "Bedwell Dkt."), was dismissed on the merits for failure to state a claim upon which relief can be granted. *See* Bedwell Dkt. 20. The docket does not reflect that a meritorious case or claim was dismissed because of a delay in responding. Rather, Tyson was afforded nearly four months to address the deficiencies identified in the Court's order screening and dismissing his complaint, and his motion to amend was denied as futile because his proposed amended complaint suffered from the same deficiencies identified in the Court's screening order. *See* Bedwell Dkts. 14 (Order Screening and Dismissing Complaint); 15 (Mr. Tyson's Response), 16 (Motion for Extension of Time); 17 (Order Granting Motion for Extension of time; 20 (Order Denying Motion to Amend Complaint and Assessing Strike). Accordingly, because the Court has been unable to identify a viable claim for relief, the complaint is subject to dismissal.

## IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for the reasons set forth above. The plaintiff shall have **through November 23, 2022,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 11/1/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARK A. TYSON, JR.
127906
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360